Jeffrey T. Fehr
Fehr Law Office, PLLC
P.O. Box 2346
Wenatchee, WA 98807-2346
(509) 888-0386

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

LUIS TRUJILLO,

                   Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

                   Defendant.

NO.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), the Washington Collection Agency Act, Chapter 19.16 RCW (hereinafter "WCAA"), and the

COMPLAINT AND DEMAND FOR JURY TRIAL
Page 1 of 12

FEHR LAW OFFICE, PLLC
124 N. WENATCHEE AVE., SUITE A
PO BOX 2346
WENATCHEE WA 98807-2346
509-888-0386 FAX 509-888-0391

Washington Consumer Protection Act, Chapter 19.86 RCW (hereinafter "WCPA").

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, and supplement jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff, Luis Trujillo, is a natural person residing in the Eastern District of Washington, and is a "consumer" as that terms is defined by 15 U.S.C. §1692a(3).

5. Upon information and belief Defendant Midland Credit Management, Inc. (hereinafter "Defendant Midland") is a Kansas corporation, is a collection agency operating from an address of 8875 Aero Drive, Suite 200, San Diego, CA 92123, is an out of state collection agency licensed with the Washington Department of Licensing, and is a "debt

COMPLAINT AND DEMAND FOR JURY TRIAL
Page 2 of 12

FEHR LAW OFFICE, PLLC
124 N. WENATCHEE AVE., SUITE A
PO BOX 2346
WENATCHEE WA 98807-2346
509-888-0386 FAX 509-888-0391

collector" as that term is defined by 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

6.  In or around October 2003 Plaintiff learned that he ex-wife, Genia Parsons Trujillo (a/k/a Yvonne Trujillo) fraudulently opened an Aspire Visa credit card account in his name, without his knowledge or consent. Genia Parsons Trujillo fraudulently used the Aspire Visa card without Plaintiff's knowledge or consent primarily for personal, family, or household purposes. In so doing, Genia Parsons Trujillo incurred a "debt" as that term is defined by 15 U.S.C. §1692a(5).

7.  In October 2003, upon learning of the fraudulently opened Aspire Visa credit card, Plaintiff reported it to Aspire Visa and completed a Fraudulent Charge Affidavit as requested by Aspire Visa. He also filed a police report regarding the fraudulently opened and used credit card account.

8.  Sometime thereafter, the alleged debts were consigned, placed or otherwise transferred to Defendant Midland for collection from the Plaintiff.

9.  On March 4, 2008 attorney Heidi Noun of Northwest Justice Project wrote a letter to Defendant Midland informing it that Plaintiff was

COMPLAINT AND DEMAND FOR JURY TRIAL
Page 3 of 12

FEHR LAW OFFICE, PLLC
124 N. WENATCHEE AVE., SUITE A
PO BOX 2346
WENATCHEE WA 98807-2346
509-888-0386 FAX 509-888-0391

represented by legal counsel, disputing the validity of the debt, instructing it not to contact Plaintiff, and directing all future communication to her.

10. Despite having knowledge that Plaintiff was represented by legal counsel, Defendant Midland continued to place telephone calls to Plaintiff and send letters demanding payment to Plaintiff, including letters dated August 10, 2008 and September 4, 2008.

11. On September 22, 2008, attorney Heidi Noun again wrote a letter to Defendant Midland disputing the validity of the debt, informing it that Plaintiff was represented by legal counsel, and instructing it to direct all communication to her.

12. Plaintiff received at least two more letters directly from Defendant Midland in 2008 and continued to receive telephone calls at home from Defendant Midland demanding payment.

13. Despite having knowledge that Plaintiff was represented by legal counsel Defendant Midland sent a letter to Plaintiff dated November 4, 2008, titled "PRE-LEGAL NOTIFICATION" and containing a threat to take legal action against Plaintiff.

14. On or about December 30, 2008, Plaintiff received a letter from the law firm Daniel N. Gordon, P.C. demanding payment and notifying

FEHR LAW OFFICE, PLLC
124 N. WENATCHEE AVE., SUITE A
PO BOX 2346
WENATCHEE WA 98807-2346
509-888-0386 FAX 509-888-0391

Plaintiff that the law firm had been retained with authority to file a lawsuit against him for the purported debt owed to Defendant Midland. That letter also contained notice of Plaintiff's right to dispute the debt and right to request debt verification.

15. On January 14, 2009, attorney Heidi Noun sent a letter to Daniel N. Gordon, P.C. disputing the validity of the debt being attributed to Plaintiff and requesting verification of the debt.

16. On or about January 16, 2009, attorney Heidi Noun received a letter from Daniel N. Gordon, P.C. requesting documentation from Plaintiff and providing a transaction history for the Aspire Visa credit card account.

17. On January 23, 2009 attorney Noun sent another letter to Daniel N. Gordon, P.C. providing the documents it requested and reiterating her request for a complete debt verification.

18. Despite having knowledge that Plaintiff was represented by legal counsel Defendant Midland sent letters directly to Plaintiff dated April 15, 2009 and April 23, 2009. Plaintiff also continued to receive numerous telephone calls from Defendant Midland in early 2009.

19. In its letter dated April 15, 2009 to Plaintiff, Defendant Midland once again requested documentation supporting Plaintiff's dispute. On May

COMPLAINT AND DEMAND FOR JURY TRIAL
Page 5 of 12

FEHR LAW OFFICE, PLLC
124 N. WENATCHEE AVE., SUITE A
PO BOX 2346
WENATCHEE WA 98807-2346
509-888-0386 FAX 509-888-0391

15, 2009 the undersigned counsel send a letter to Defendant Midland providing the requested documentation, disputing the validity of the debt, informing Defendant Midland that Plaintiff was represented by counsel, and requesting verification of the debt.

20.  To-date, neither Defendant Midland nor Daniel N. Gordon, P.C. have provided verification of the debt to the undersigned counsel or to attorney Heidi Noun.

21.  Despite having actual knowledge that he was represented by legal counsel with respect to this debt, Defendant Midland repeatedly called Plaintiff at home demanding payment throughout June, July, and August 2009 and sent a letter directly to Plaintiff dated August 19, 2009.

22.  Plaintiff has suffered actual and statutory damages as a result of Defendant Midland's conduct.

## V.    FIRST CLAIM FOR RELIEF
**Violation of §1692e of the Fair Debt Collection Practices Act –
Demanding Payment Of A Debt That Is Not Owed**

23.  Plaintiff repeats and realleges paragraphs 1-22 above.

24.  15 U.S.C. §1692e(2)(A) of the Fair Debt Collection Practices
COMPLAINT AND DEMAND FOR JURY TRIAL
Page 6 of 12

FEHR LAW OFFICE, PLLC
124 N. WENATCHEE AVE., SUITE A
PO BOX 2346
WENATCHEE WA 98807-2346
509-888-0386 FAX 509-888-0391

Act (FDCPA) prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt.

25. Defendant Midland attempted to collect a debt that is not owed by Plaintiff in violation of 15 U.S.C. §1692e(2)(A).

26. 15 U.S.C. §1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

27. Defendant Midland's "PRE-LEGAL NOTIFICATION" sent to Plaintiff on or around November 4, 2008 constituted a threat to take an action that it could not legally take and/or it constituted a threat to take an action that it did not intend to take in violation of 15 U.S.C. §1692e(5).

28. As a result of the foregoing violations of the FDCPA, Defendant Midland is liable to the Plaintiff for actual and statutory damages, costs and attorney's fees.

COMPLAINT AND DEMAND FOR JURY TRIAL
Page 7 of 12

FEHR LAW OFFICE, PLLC
124 N. WENATCHEE AVE., SUITE A
PO BOX 2346
WENATCHEE WA 98807-2346
509-888-0386 FAX 509-888-0391

## VI. SECOND CLAIM FOR RELIEF

### Violation of §1692c(a)(2) of the Fair Debt Collection Practices Act – Communicating With A Consumer Represented By Counsel

29. Plaintiff repeats and realleges paragraphs 1-28 above.

30. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

31. Defendant Midland was give notice three times that Plaintiff was represented by legal counsel with respect to the Aspire Visa card debt.

32. Despite having knowledge that Plaintiff was represented by legal counsel with respect to the Aspire Visa card debt, Defendant Midland continued to communicate directly with Plaintiff by mail and telephone in violation of §1692c(a)(2) of the FDCPA.

33. As a result of the foregoing violations of the FDCPA, Defendant Midland is liable to the Plaintiff for actual and statutory damages, costs and attorney's fees.

COMPLAINT AND DEMAND FOR JURY TRIAL
Page 8 of 12

FEHR LAW OFFICE, PLLC
124 N. WENATCHEE AVE., SUITE A
PO BOX 2346
WENATCHEE WA 98807-2346
509-888-0386 FAX 509-888-0391

## VII.  THIRD CLAIM FOR RELIEF

## Violation of Chapter 19.16 R.C.W. –

## The Washington Collection Agency Act

34. Plaintiff repeats and realleges paragraphs 1-33 above.

35. Revised Code of Washington (RCW) 19.16.250(11) prohibits an out of state collection agency from communicating with a debtor after notification in writing from an attorney representing such debtor that all further communications relative to a claim should be addressed to the attorney.

36. Defendant Midland was give notice three times that Plaintiff was represented by legal counsel with respect to the Aspire Visa credit card debt.

37. Despite having knowledge that Plaintiff was represented by legal counsel with respect to the Aspire Visa credit card debt, Defendant Midland continued to communicate directly with Plaintiff by mail and telephone in violation of RCW 19.16.250(11) of the Washington Collection Agency Act (WCAA).

COMPLAINT AND DEMAND FOR JURY TRIAL
Page 9 of 12

FEHR LAW OFFICE, PLLC
124 N. WENATCHEE AVE., SUITE A
PO BOX 2346
WENATCHEE WA 98807-2346
509-888-0386 FAX 509-888-0391

## VIII. FOURTH CLAIM FOR RELIEF

## Violation of Chapter 19.86 R.C.W. -

## The Washington Consumer Protection Act

38. Plaintiff repeats and realleges paragraphs 1-37 above.

39. RCW 19.16.440 declares that the commission of an act or practice prohibited by RCW 19.16.250 is an unfair act or practice or unfair method of competition in the conduct of trade or commerce for purposes of the Washington Consumer Protection Act found in Chapter 19.86 RCW.

40. Defendant Midland committed a per se unfair act or practice in the conduct of trade or commerce that was injurious to the public interest in that it was part of a pattern of conduct that has a real and substantial potential for repetition and potential to affect many consumers.

41. As a direct and proximate result of Defendant Midland's conduct Plaintiff suffered injury.

42. As a result of Defendant Midland's violations of the Washington Consumer Protection Act Defendant Midland is liable to the Plaintiff for treble damages, costs and attorney's fees.

## IX. DEMAND FOR JURY

43. Plaintiff demands trial by jury on all counts and issues so triable.

COMPLAINT AND DEMAND FOR JURY TRIAL
Page 10 of 12

FEHR LAW OFFICE, PLLC
124 N. WENATCHEE AVE., SUITE A
PO BOX 2346
WENATCHEE WA 98807-2346
509-888-0386 FAX 509-888-0391

## X.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. A finding that Defendant Midland violated §§1692e and 1692c(a)(2) of the Fair Debt Collection Practices Act;

2. A finding that Defendant Midland violated the Washington Collection Agency Act, Chapter 19.16 RCW;

3. A finding that Defendant Midland violated the Washington Consumer Protection Agency Act, Chapter 19.86 RCW;

4. An award in favor of Plaintiff for damages, including, but not limited to;

    a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);
    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);
    c. Treble damages pursuant to R.C.W. 19.86.090;
    d. Attorney's fees and costs of suit;
    e. All other general and special damages as may be proven.

5. An award of such other relief as the Court may deem just and equitable.

COMPLAINT AND DEMAND FOR JURY TRIAL
Page 11 of 12

FEHR LAW OFFICE, PLLC
124 N. WENATCHEE AVE., SUITE A
PO BOX 2346
WENATCHEE WA 98807-2346
509-888-0386 FAX 509-888-0391

DATED this 27th day of August, 2009.

Fehr Law Office, PLLC

_____
Jeffrey T. Fehr, WSBA# 32741
Attorney for Plaintiff

STATE OF WASHINGTON ) ss.
COUNTY OF CHELAN )

Luis Trujillo, being first duly sworn on oath, deposes and says: That he is the plaintiff herein, that he has read the above and foregoing Complaint, knows the contents thereof and believes the same to be true and correct.

_____
LUIS TRUJILLO

SUBSCRIBED AND SWORN to before me this 27 day of August, 2009.

_____
Printed Name: Teresa Summers
NOTARY PUBLIC in and for the
State of Washington. My Commission
Expires: 9/22/09

COMPLAINT AND DEMAND FOR JURY TRIAL
Page 12 of 12

FEHR LAW OFFICE, PLLC
124 N. WENATCHEE AVE., SUITE A
PO BOX 2346
WENATCHEE WA 98807-2346
509-888-0386 FAX 509-888-0391